**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DEVORAH SHABTAI,**

    **Plaintiff,**

vs.                                  **Case No. 4:09cv508-WS/WCS**

**STATE OF FLORIDA, et al.,**

    **Defendants.**

                                      /

## REPORT AND RECOMMENDATION

Plaintiff, who is *pro se*, initiated this civil rights action under 42 U.S.C. § 1983 on December 21, 2009. Doc. 1. Plaintiff has now filed a second amended complaint, doc. 7, alleging false detention and incarceration, and eventually commitment in the Florida State Hospital. All events stem from a divorce and the loss of custody of her daughter. Plaintiff's second amended complaint provides a lengthy narrative of alleged lies, perjury, and conspiracy to falsely show that Plaintiff was mentally ill. Doc. 7. Accepting all that Plaintiff reports as true, Plaintiff cannot be afforded any relief in this Court.

Plaintiff's claims, by and large, took place in 2004 and 2005. All of those events are barred from judicial relief as the statute of limitations for bringing a claim in Florida is

four years.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

When Plaintiff was advised in the prior order that her claims appear to be barred, Plaintiff states that she previously attempted to litigate her claims in June of 2008 in the Eastern District of New York, but her case was dismissed for improper venue.  Doc. 8, p. 4.  That attempt in New York does not preserve claims here in Florida.

Plaintiff also requests a declaratory judgment to establish that she was wrongfully detained and wrongfully convicted of stalking and false child abuse reporting.  Plaintiff also seeks monetary damages to compensate her for her inability to obtain gainful employment which she alleges is due to the criminal charges brought against her.  *Id.*, at 15-16.  However, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id.*  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.  This case must be dismissed for this reason alone.

There are other reasons this case cannot proceed.  The *Rooker-Feldman* doctrine forbids a federal court to decide federal issues that are raised in state proceedings and "inextricably intertwined" with the state court's judgment.  *See* Datz v.

Kilgore, 51 F.3d 252, 253 (11th Cir. 1995), and cases cited therein. The Eleventh Circuit has held that "[a] federal suit is so intertwined with the earlier state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Datz, 51 F.3d 252-253, *quoting*, Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 33 L. Ed. 2d 1 (1987). Providing any relief to Plaintiff would necessarily imply that the state courts wrongly decided Plaintiff's child custody orders, commitment orders, and in dismissing Plaintiff's claims. Relief is unavailable to Plaintiff.

Moreover, this court cannot generally provide relief with respect to decisions made in state court regarding dissolution of marriage and child custody. Federal courts have "traditionally refrained from exercising authority over matters broadly described as 'domestic relations.'" U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996), *citing* Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898). The authority for invoking the "domestic relations" exception originally stemmed from Barber v. Barber, 21 How. 582, 16 L. Ed. 226 (1859) in which the Supreme Court stated, albeit in dicta, "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony." Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2209, 119 L. Ed. 2d 468 (1992), *explaining* Barber, 21 How. 582. The Ankenbrandt Court explained that although the Constitution itself did not exclude domestic relations cases from the federal court jurisdiction, the exception exists nonetheless as a matter of statutory construction.

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony. 62 U.S. at 584.

Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2213. The exception originally rested on the statutory requirements for diversity jurisdiction, *see* De la Rama v. De la Rama, 201 U.S. 303, 307, 26 S. Ct. 485, 486, 50 L. Ed. 765 (1906), *quoted in* Ankenbrandt, 112 S. Ct. at 2211 (finding that a "husband and wife cannot usually be citizens of different States"), but the Supreme Court has "expanded the domestic relations exception . . . ." Ankenbrandt, 112 S. Ct. at 2214. The Supreme Court held in Ankenbrandt:

> . . . that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.

Ankenbrandt, 112 S. Ct. at 2215. These types of cases no longer rest on the non-diversity of the parties (although it is acknowledged in this case that there is diversity), but on the understanding that state courts have historically decided these cases and have developed expertise in the matter and an interest in overseeing future issues that may arise. *See, e.g.,* Stevens v. Sley, 407 F.Supp. 140, 144 (D.C. Pa. 1976). This is a matter for the state courts to decide, it is a decision that has already been decided more than four years ago, and this Court cannot alter those decisions or provide any relief to Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted, because the claims are barred by the statute of limitations, by the *Rooker-Feldman* doctrine, barred by Heck v. Humphrey, and this Court pursuant to 28

U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 12, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**